IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DESTINY L. DRAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. _____ |
| VILLAGE OAK PARTNERS, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, DESTINY L. DRAKE, by and through the undersigned counsel, and files this, her Complaint against Defendant VILLAGE OAK PARTNERS, L.P. pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

2.     Venue is proper in the federal District Court for the Northern District

1

of Georgia, Atlanta Division.

## PARTIES

3.     Plaintiff DESTINY L. DRAKE (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Mabelton, Georgia (Cobb County).

4.     Plaintiff suffers from Essential Myoclonus and is disabled as defined by the ADA.

5.     Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

6.     Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7.     Defendant VILLAGE OAK PARTNERS, L.P. (hereinafter "Defendant") is a Georgia limited partnership, and transacts business in the state of Georgia and within this judicial district.

8.     Defendant may be properly served with process via its registered agent for service, to wit: James Flock, 5784 Lake Forrest Drive, Suite 276, Atlanta, Georgia, 30328.

## FACTUAL ALLEGATIONS

9.     On or about December 17, 2019, Plaintiff was a customer at "Panda 7"

and "Dollar General Store #07554," businesses located at 900 Thornton Road, Lithia Springs, Georgia 30122.

10.    Defendant is the owner or co-owner of the real property and improvements that are the subject of this action. (The contiguous structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

11.    Plaintiff lives approximately three (3) miles from the Facility and Property.

12.    Plaintiff's access to the businesses located at 900 Thornton Road, Lithia Springs, Georgia 30122, Douglas County Property Appraiser's parcel number 05191820001, and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

13.    Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility and Property once the Facility and Property are made accessible.

14.    Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

15.    Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to her access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

**COUNT I**
**VIOLATIONS OF THE ADA AND ADAAG**

16.    On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

17.     The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

18.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

19.    The Facility is a public accommodation and service establishment.

20.    The Property is a public accommodation and service establishment.

21.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal

regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

22.    Public accommodations were required to conform to these regulations

by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer

employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28

C.F.R. § 36.508(a).

23.    Liability for violations under Title III or the ADA falls on "any person

who owns, leases (or leases to), or operates a place of public accommodation." 42

U.S.C. § 12182(a).

24.    The Facility must be, but is not, in compliance with the ADA and

ADAAG.

25.    The Property must be, but is not, in compliance with the ADA and

ADAAG.

26.     Plaintiff has attempted to, and has to the extent possible, accessed the

Facility and the Property in her capacity as a customer of the Facility and Property,

and as an advocate for the disabled, but could not fully do so because of her

disabilities resulting from the physical barriers to access, dangerous conditions and

ADA violations that exist at the Facility and Property that preclude and/or limit her

access to the Facility and Property and/or the goods, services, facilities, privileges,

advantages and/or accommodations offered therein, including those barriers,

conditions and ADA violations more specifically set forth in this Complaint.

27.     Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.     Defendant has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

29.     Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by

Plaintiff and other persons with disabilities.

30.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

(a)    **EXTERIOR ELEMENTS:**

(i)    The Property lacks an accessible route from the public sidewalk to the accessible entrances of the Facility, in violation of section 206.2.1 of the 2010 ADAAG standards.

(ii)   The accessible parking space on the Property near Unit M of the Facility is missing a proper identification sign, in violation of section 502.6 of the 2010 ADAAG standards.

(iii)  The accessible parking space on the Property near Unit M of the Facility that does not have a properly marked access aisle adjacent to it, in violation of section 502.3 of the 2010 ADAAG standards.

(iv)   There are potholes and excessive vertical rises along the accessible route or path leading from the accessible parking

space most proximate to Unit M of the Facility to the entrances of the Facility, in violation of section 303.2 of the 2010 ADAAG standards.

(v)     The accessible parking space on the Property near Unit H of the Facility is missing a proper identification sign, in violation of section 502.6 of the 2010 ADAAG standards.

(vi)    The accessible parking space on the Property near Unit H of the Facility is not adequately marked, in violation of section 502.1 of the 2010 ADAAG standards.

(vii)   The accessible parking space on the Property near Unit H of the Facility does not have an access aisle adjacent to it, in violation of section 502.3 of the 2010 ADAAG standards.

(viii)  There are changes in level in the Property exceeding ½ (one-half) inch that are not ramped, in violation of section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 2 (two) inch vertical rise on the accessible route leading to Unit F of the Facility that is not ramped.

(ix)    One of the access aisles adjacent to the two (2) accessible parking spaces on the Property most proximate to Unit G of the

Facility is not wide enough and is in violation of section 502.3.1 of the 2010 ADAAG standards.

(x)     The accessible route leading from the accessible parking spaces most proximate to Unit G of the Facility has excessive vertical rises where it meets the foundation of the Facility, in violation of section 303.2 of the 2010 ADAAG standards.

(xi)    The walking surfaces of the accessible route on the Property between Units G and F of the Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards.

(xii)   The two (2) access aisles adjacent to the accessible parking spaces on the Property most proximate to Unit F of the Facility has inadequate dimensions and is not adequately marked, in violation of section 502.3 of the 2010 ADAAG standards.

(xiii)  The accessible route leading from the accessible parking spaces most proximate to Unit F of the Facility has excessive vertical rises where it meets the foundation of the Facility, in violation of section 303.2 of the 2010 ADAAG standards.

(xiv)   One of the two (2) accessible parking spaces on the Property

most proximate to Unit B of the Facility is not adequately marked, in violation of section 502.2 of the 2010 ADAAG standards.

(xv)    One of the two (2) access aisles adjacent to the accessible parking spaces on the Property most proximate to Unit B of the Facility has potholes within its boundaries, in violation of section 502.4 of the 2010 ADAAG standards.

(xvi)   One of the two (2) accessible parking spaces on the Property most proximate to Unit B of the Facility has signage that states that the space is van accessible, but it is not a van accessible space. Thus, the Property lacks a van accessible disabled parking space, in violation of section 208.2.4 of the 2010 ADAAG standards.

(xvii)  The accessible route leading from the accessible parking spaces on the Property most proximate to Unit B of the Facility has excessive vertical rises where it meets the foundation of the Facility, in violation of section 303.2 of the 2010 ADAAG standards.

**(b)**     **INTERIOR ELEMENTS (DOLLAR GENERAL):**

(i)     The doors to the restrooms in the Dollar General portion of the Facility have a minimum clear width less than 32" (thirty-two inches), in violation of section 404.2.3 of the 2010 ADAAG standards.

(ii)    The restrooms in the Dollar General portion of the Facility lack proper door hardware, in violation of section 404.2.7 of the 2010 ADAAG standards.

(iii)   The hardware on the restroom doors in the Dollar General portion of the Facility have operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(iv)    The restrooms in the Dollar General portion of the Facility lack adequate turning space therein, in violation of sections 304.3.1 and 304.3.2 of the 2010 ADAAG standards.

(v)     The controls on the faucets in the restrooms in the Dollar General portion of the Facility require pinching and turning of the wrists, in violation of section 309.4 of the 2010 ADAAG standards.

(vi)   The sinks in the restrooms in the Dollar General portion of the Facility have exposed pipes and surfaces that are not insulated or configured to protect against contact with the skin, in violation of section 606.5 of the 2010 ADAAG standards.

(vii)   The accessible toilet stalls in the restrooms in the Dollar General portion of the Facility are missing grab bars adjacent to the commodes therein, in violation of section 604.5 of the 2010 ADAAG standards.

(viii)   The paper towel dispensers in the restrooms in the Dollar General portion of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(ix)   The mirrors in the restrooms in the Dollar General portion of the Facility exceed the maximum permissible height set forth in section 603.3 of the 2010 ADAAG standards.

**(c)   INTERIOR ELEMENTS (PANDA 7):**

(i) The interior of the Panda 7 portion of the Facility has sales and services counters lacking any portion of which that has a maximum height of 36" (thirty-six inches) from the finished

floor, in violation of section 904.4 of the 2010 ADAAG standards.

(ii)     The restrooms in the Panda 7 portion of the Facility lack proper door hardware, in violation of section 404.2.7 of the 2010 ADAAG standards.

(iii)    The hardware on the restroom doors in the Panda 7 portion of the Facility have operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(iv)    The controls on the faucets in the restrooms in the Panda 7 portion of the Facility require pinching and turning of the wrists, in violation of section 309.4 of the 2010 ADAAG standards.

31.    Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to gain access to the accessible routes on the Property, more difficult and dangerous for Plaintiff to navigate the accessible routes on the Property, more difficult for Plaintiff to conduct her business in the Panda 7 portion of the Facility, more difficult for Plaintiff to utilize the restroom in the Panda 7 portion of the Facility, and rendered the restroom in the Dollar General

portion of the Facility inaccessible to Plaintiff.

32.   The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

33.   Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

34.   The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35.    All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

36.   Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

37.   Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendant has the financial resources to make the necessary

modifications.

38.    In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

39.    Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

40.    Plaintiff's requested relief serves the public interest.

41.    The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

42.    Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

43.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)    That the Court find Defendant in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant from

continuing its discriminatory practices;

(c)     That the Court issue an Order requiring Defendant to (i) remove the

physical barriers to access and (ii) alter the subject Facility and

Property to make them readily accessible to, and useable by,

individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff's counsel reasonable attorneys' fees,

litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable

in light of the circumstances.

Dated: December 27, 2019.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been

16

prepared in accordance with the font type and margin requirements of Local Rule

5.1 of the Northern District of Georgia, using a font type of Times New Roman

and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich

17