IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DESTINY L. DRAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. 1:19-cv-05819-SDG |
| VILLAGE OAK PARTNERS, L.P., | ) | |
| PANDA 7 INC and | ) | |
| DOLGENCORP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, DESTINY L. DRAKE, by and through the undersigned counsel of record, and files this, pursuant to Fed. R. Civ. P. 15(a)(1)(A), her First Amended Complaint against Defendants VILLAGE OAK PARTNERS, L.P., PANDA 7 INC and DOLGENCORP, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## PROCEDURAL BACKGROUND

1.      Plaintiff filed her original Complaint on December 27, 2019. [Doc. 1].

2.      Defendant VILLAGE OAK PARTNERS, L.P. filed its Answer to

Plaintiff's original Complaint on January 22, 2019. [Doc. 6].

3.      In her original Complaint, Plaintiff did not name the lessees of the interior tenant space portions of the real property and improvements at issue in this case.

4.      Fed. R. Civ. P. 15 Fed. R. Civ. P. 15(a) states, in relevant part, as follows:

> (1)     A party may amend its pleading once as a matter of course within:
>
> * * * * *
>
> (B)     if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

5.      Plaintiff therefore files the foregoing First Amended Complaint as a matter of course for the purpose of adding the lessees of the relevant portions of the Facility and Property as named defendants to this case, to wit: Panda 7 Inc and Dolgencorp, LLC.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and

violations of Title III of the ADA.

7.     Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division, as the parcel of real property at issue in this case is located in Douglas County, Georgia.

## PARTIES

8.     Plaintiff DESTINY L. DRAKE (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Mabelton, Georgia (Cobb County).

9.     Plaintiff suffers from Essential Myoclonus and is disabled as defined by the ADA.

10.    Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing and grasping.

11.    Plaintiff cannot walk and uses a wheelchair for mobility purposes.

12.    Defendant VILLAGE OAK PARTNERS, L.P. (hereinafter "Village Oak") is a Georgia limited partnership that transacts business in the state of Georgia and within this judicial district.

13.    Defendant PANDA 7 INC (hereinafter "Panda 7") is a Georgia corporation that transacts business in the state of Georgia and within this judicial

district.

14.     Panda 7 may be properly served with process via its registered agent

for service, to wit: Benyi Zhu, 900 Thornton Road, Suite L, Lithia Springs,

Georgia 30122.

15.     Defendant Dolgencorp, LLC (hereinafter "Dollar General") is a

Kentucky limited liability company that transacts business in the state of Georgia

and within this judicial district.

16.     Dollar General may be properly served with process via its registered

agent for service, to wit: Corporation Service Company, 192 Anderson Street,

Suite 125, Marietta, Georgia 30060.

## **FACTUAL ALLEGATIONS**

17.     On or about December 17, 2019, Plaintiff was a customer at "Panda 7"

and "Dollar General Store #07554," businesses located at 900 Thornton Road,

Lithia Springs, Georgia 30122.

18.     Village Oak is the owner (or co-owner) of the real property and

improvements that are the subject of this action. (The contiguous structures and

improvements situated upon said real property shall be referenced herein as the

"Facility," and said real property shall be referenced herein as the "Property").

19.     Panda 7 is a lessee (or sub-lessee) of a portion of the Facility and

Property.

20.    Dollar General is a lessee (or sub-lessee) of a portion of the Facility and Property.

21.    Plaintiff lives approximately three (3) miles from the Facility and Property.

22.    Plaintiff's access to the businesses located at 900 Thornton Road, Lithia Springs, Georgia 30122, Douglas County Property Appraiser's parcel number 05191820001, and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

23.    Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility and Property once the Facility and Property are made accessible.

24.    Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

25.    Plaintiff travelled to the Facility and Property as a customer and as an

advocate for the disabled, encountered the barriers to her access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

26.    On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

27.    The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

28.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

29.    The Facility is a public accommodation and service establishment.

30.    The Property is a public accommodation and service establishment.

31.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

32.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer

employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28

C.F.R. § 36.508(a).

33.   Liability for violations under Title III or the ADA falls on "any person

who owns, leases (or leases to), or operates a place of public accommodation." 42

U.S.C. § 12182(a).

34.   The Facility must be, but is not, in compliance with the ADA and

ADAAG.

35.   The Property must be, but is not, in compliance with the ADA and

ADAAG.

36.    Plaintiff has attempted to, and has to the extent possible, accessed the

Facility and the Property in her capacity as a customer of the Facility and Property,

and as an advocate for the disabled, but could not fully do so because of her

disabilities resulting from the physical barriers to access, dangerous conditions and

ADA violations that exist at the Facility and Property that preclude and/or limit her

access to the Facility and Property and/or the goods, services, facilities, privileges,

advantages and/or accommodations offered therein, including those barriers,

conditions and ADA violations more specifically set forth in this Complaint.

37.   Plaintiff intends to visit the Facility and Property again in the future as

a customer and as an advocate for the disabled in order to utilize all of the goods,

services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

38.   Defendants have each discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

39.   Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

40.   A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or

limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

(a)   **EXTERIOR ELEMENTS:**

(i)    The Property lacks an accessible route from the public sidewalk to the accessible entrances of the Facility, in violation of section 206.2.1 of the 2010 ADAAG standards.

(ii)   The accessible parking space on the Property near Unit M of the Facility is missing a proper identification sign, in violation of section 502.6 of the 2010 ADAAG standards.

(iii)  The accessible parking space on the Property near Unit M of the Facility does not have a properly marked access aisle adjacent to it, in violation of section 502.3 of the 2010 ADAAG standards.

(iv)   There are potholes and excessive vertical rises along the accessible route that leads from the accessible parking space most proximate to Unit M of the Facility to the entrances of the Facility, in violation of section 303.2 of the 2010 ADAAG standards.

(v)     The accessible parking space on the Property near Unit H of the Facility is missing a proper identification sign, in violation of section 502.6 of the 2010 ADAAG standards.

(vi)    The accessible parking space on the Property near Unit H of the Facility is not adequately marked, in violation of section 502.1 of the 2010 ADAAG standards.

(vii)   The accessible parking space on the Property near Unit H of the Facility does not have an access aisle adjacent to it, in violation of section 502.3 of the 2010 ADAAG standards.

(viii)  There are changes in level in the Property exceeding ½ (one-half) inch that are not ramped, in violation of section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 2 (two) inch vertical rise on the accessible route leading to Unit F of the Facility that is not ramped.

(ix)    One of the access aisles adjacent to the two (2) accessible parking spaces on the Property most proximate to Unit G of the Facility is not wide enough and is in violation of section 502.3.1 of the 2010 ADAAG standards.

(x)     The accessible route leading from the accessible parking spaces most proximate to Unit G of the Facility has excessive vertical rises where it meets the foundation of the Facility, in violation of section 303.2 of the 2010 ADAAG standards.

(xi)    The walking surfaces of the accessible route on the Property between Units G and F of the Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards.

(xii)   The two (2) access aisles adjacent to the accessible parking spaces on the Property most proximate to Unit F of the Facility has inadequate dimensions and is not adequately marked, in violation of section 502.3 of the 2010 ADAAG standards.

(xiii)  The accessible route leading from the accessible parking spaces most proximate to Unit F of the Facility has excessive vertical rises where it meets the foundation of the Facility, in violation of section 303.2 of the 2010 ADAAG standards.

(xiv)   One of the two (2) accessible parking spaces on the Property most proximate to Unit B of the Facility is not adequately marked, in violation of section 502.2 of the 2010 ADAAG

standards.

(xv)     One of the two (2) access aisles adjacent to the accessible parking spaces on the Property most proximate to Unit B of the Facility has potholes within its boundaries, in violation of section 502.4 of the 2010 ADAAG standards.

(xvi)    One of the two (2) accessible parking spaces on the Property most proximate to Unit B of the Facility has signage that states that the space is van accessible, but it is not a van accessible space. Thus, the Property lacks a van accessible disabled parking space, in violation of section 208.2.4 of the 2010 ADAAG standards.

(xvii)   The accessible route leading from the accessible parking spaces on the Property most proximate to Unit B of the Facility has excessive vertical rises where it meets the foundation of the Facility, in violation of section 303.2 of the 2010 ADAAG standards.

**(b)     INTERIOR ELEMENTS (PANDA 7):**

(i)      The interior of the Panda 7 portion of the Facility has a sales and service counter lacking any portion that has a maximum

height of 36" (thirty-six inches) from the finished floor, in violation of section 904.4 of the 2010 ADAAG standards.

(ii)     The restrooms in the Panda 7 portion of the Facility lack proper door hardware, in violation of section 404.2.7 of the 2010 ADAAG standards.

(iii)    The hardware on the restroom doors in the Panda 7 portion of the Facility have operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(iv)    The controls on the faucets in the restrooms in the Panda 7 portion of the Facility require pinching and turning of the wrists, in violation of section 309.4 of the 2010 ADAAG standards.

**(c)    INTERIOR ELEMENTS (DOLLAR GENERAL):**

(i)      The doors to the restrooms in the Dollar General portion of the Facility have a minimum clear width less than 32" (thirty-two inches), in violation of section 404.2.3 of the 2010 ADAAG standards.

(ii)     The restrooms in the Dollar General portion of the Facility lack

13

proper door hardware, in violation of section 404.2.7 of the 2010 ADAAG standards.

(iii)   The hardware on the restroom doors in the Dollar General portion of the Facility have operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(iv)   The restrooms in the Dollar General portion of the Facility lack adequate turning space therein, in violation of sections 304.3.1 and 304.3.2 of the 2010 ADAAG standards.

(v)   The controls on the faucets in the restrooms in the Dollar General portion of the Facility require pinching and turning of the wrists, in violation of section 309.4 of the 2010 ADAAG standards.

(vi)   The sinks in the restrooms in the Dollar General portion of the Facility have exposed pipes and surfaces that are not insulated or configured to protect against contact with the skin, in violation of section 606.5 of the 2010 ADAAG standards.

(vii)   The accessible toilet stalls in the restrooms in the Dollar General portion of the Facility are missing grab bars adjacent to

the commodes therein, in violation of section 604.5 of the 2010 ADAAG standards.

(viii)  The paper towel dispensers in the restrooms in the Dollar General portion of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(ix)  The mirrors in the restrooms in the Dollar General portion of the Facility exceed the maximum permissible height set forth in section 603.3 of the 2010 ADAAG standards.

41.  Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to gain access to the accessible routes on the Property, more difficult and dangerous for Plaintiff to navigate the accessible routes on the Property, more difficult for Plaintiff to conduct her business in the Panda 7 portion of the Facility, more difficult for Plaintiff to utilize the restroom in the Panda 7 portion of the Facility, and rendered the restroom in the Dollar General portion of the Facility inaccessible to Plaintiff.

42.  The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff or that exist at the Facility and Property.

43.    Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

44.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

45.     All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

46.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

47.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

48.    In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

49.    Plaintiff is without adequate remedy at law, is suffering irreparable

harm, and reasonably anticipates that she will continue to suffer irreparable harm

unless and until Defendants are required to remove the physical barriers, dangerous

conditions and ADA violations that exist at the Facility and Property, including

those alleged herein.

50.    Plaintiff's requested relief serves the public interest.

51.    The benefit to Plaintiff and the public of the relief outweighs any

resulting detriment to Defendants.

52.    Plaintiff's counsel is entitled to recover its reasonable attorney's fees

and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

53.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to

grant injunctive relief to Plaintiff, including the issuance of an Order directing

Defendants to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)    That the Court find Village Oak in violation of the ADA and
       ADAAG;

(b)    That the Court find Panda 7 in violation of the ADA and ADAAG;

(c)    That the Court find Dollar General in violation of the ADA and
       ADAAG;

17

(d)    That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(e)    That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA to the extent that each barrier to access alleged herein is within each Defendant's respective possession and control;

(f)    That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(g)    That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 10, 2020.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
craig@ehrlichlawoffice.com

18

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2020, I electronically filed the foregoing First Amended Complaint with the Clerk of District Court, Northern District of Georgia via the Court Clerk's CM/ECF system, resulting in a true and correct copy of the same to be served upon the following counsel of record via electronic mail:

Robert W. Johnson, Esq.
Gower, Wooten & Darneille, LLC
*Attorneys for Defendant Village Oak Partners, L.P.*
4200 Northside Parkway, Building 12
Atlanta, Georgia 30327
rjohnson@gwdlawfirm.com

/s/Craig J. Ehrlich
Craig J. Ehrlich

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich